**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

PEDRO ARROYO; CARLOS A. ARROYO;
SERAFINA RODRIGUEZ; RAYMOND
RODRIGUEZ,
                    *Plaintiffs-Appellants,*

                    and

LUIS NIEVES HERNANDEZ, Successor
Administrator of the Estate of          No. 02-1408
Yolanda Hernandez, Deceased,
                    *Plaintiff,*

                    v.

FORD MOTOR COMPANY, a Delaware
corporation,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-99-195-2, CA-99-122-2)

Argued: January 23, 2003

Decided: February 27, 2003

Before WIDENER and NIEMEYER, Circuit Judges, and
Morton I. GREENBERG, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Raymond Sutton Franks, II, GOODWIN & GOODWIN, L.L.P., Charleston, West Virginia, for Appellants. Michael Bonasso, FLAHERTY, SENSABAUGH & BONASSO, P.L.L.C., Charleston, West Virginia, for Appellee. **ON BRIEF:** Stephen P. Goodwin, Richard D. Owen, GOODWIN & GOODWIN, L.L.P., Charleston, West Virginia; James N. Barth, BARTH, THOMPSON & GEORGE, Charleston, West Virginia, for Appellants. William J. Hanna, Robert P. Lorea, FLAHERTY, SENSABAUGH & BONASSO, P.L.L.C., Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Plaintiffs appeal from an order denying their motion for a new trial and from the final judgment in favor of defendant Ford Motor Company in this action arising out of a one-car automobile accident on June 20, 1997, on an interstate highway in West Virginia. It is undisputed that the accident occurred when plaintiff Pedro Arroyo lost control of the 1996 Ford Windstar that he was operating and the vehicle rolled over. As a consequence, one occupant of the vehicle was killed and the others were injured.

Plaintiffs brought this diversity of citizenship action against Ford on negligence, strict liability and breach of warranty bases, contending that the tract bar of the vehicle separated causing Pedro Arroyo to lose control of the vehicle. The tract bar is a lateral support in the rear under-carriage of a vehicle controlling its suspension's side to side movement relative to the body of the vehicle. Plaintiffs' theory of the case was supported by Dr. Charles Benedict's expert testimony to the end that the welding holding the tract bar in place failed by rea-

son of fatigue and thus ruptured. While Ford acknowledged that when the vehicle was examined after the accident the tract bar was found to be detached, it attributed the detachment to the force of the accident. Consequently, the issue for the jury was whether the detachment of the tract bar was the cause of or was brought about by the accident.

Prior to the trial Ford filed a motion *in limine* to exclude certain of plaintiffs' proposed testimony. After conducting an evidentiary hearing, the district court entered an order denying Ford's motion seeking to preclude Benedict from giving his opinion as to the cause of the accident. The court, however, excluded plaintiffs' evidence of vehicle testing on a different vehicle demonstrating the effect on the operation of a vehicle of a detached tract bar. In making this ruling it applied Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). It also relied on this court's opinion in *Gladhill v. General Motors Corp.*, 743 F.2d 1049, 1052 (4th Cir. 1984).

The district court in excluding the testing testimony rendered a comprehensive opinion in which it explained that the testing "failed to include any runs wherein the tract bar became dislodged while the vehicle was in motion. The . . . testing consisted exclusively of test runs with the tract bar attached or . . . detached." Moreover, the court held that steering inputs Benedict used to simulate what would happen when the tract bar failed were not shown to represent fairly Pedro Arroyo's actual driving. As plaintiffs explain in their brief, the "district court's ruling excluding the testing evidence is the focus of this appeal." Brief at 3. We review the district court's order on an abuse of discretion basis. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997); *United States v. Barile*, 286 F.3d 749, 753 (4th Cir. 2002).

We affirm. Surely, in view of the deviation of the testing conditions from those at the time of the accident, we cannot say that the district court abused its discretion in excluding the testing evidence.

*AFFIRMED*